## STANDARD MAILING MACHINES CO. v. DITTO, Inc.

### No. 4331.

District Court, D. Massachusetts.

Sept. 13, 1940.

George P. Dike, Cedric W. Porter, and George P. Towle, Jr. (of Dike, Calver & Gray) all of Boston, Mass., for plaintiff.

Irving U. Townsend, Jr. (of Emery, Booth, Townsend, Miller & Weidner), of Boston, Mass., and Max W. Zabel and Arthur W. Carlson (of Zabel, Carlson & Wells), both of Chicago, Ill., for defendant.

SWEENEY, District Judge.

There are three motions before me, the first of which is for an order on the defendant to show cause why it should not be attached and punished for contempt in the violation of an order of the Master in this proceeding. The decision on this motion will be withheld. The question of an issuance of an order is left open until some future date if the plaintiff desires to press it. It will be decided then.

The next is the plaintiff's motion for an order that the defendant comply with the Master's order to the defendant to furnish the plaintiff with a list of its customers who purchased its infringing machine on or after April 28, 1936, including names and addresses. I do not feel that it is necessary for the court to make an order to the effect desired by the plaintiff as the Master's order already in effect seems sufficient for the purposes. The order of the Master appears to be a correct one, and I do not consider it necessary to issue a similar order. If, after a reasonable time, the Master's order is not complied with, I will re-entertain the first motion discussed above.

The third motion is the defendant's motion for instructions to be given to the Master. This motion raises the question of the propriety of the Master's order compelling the defendant to furnish the names and addresses of the purchasers of the infringing machine after April 28, 1936. The Master has said in a memorandum filed with these motions that he needs no instructions on this score, and I think that he is quite right in this statement. The defendant's main objection to the furnishing of the names and addresses is that it will result in the loss of its good will insofar as these customers are concerned, but the short answer to that is that the so-called good will was built up by the sale of machines that have now been determined to be infringements of the plaintiff's patent. Waiving the timeliness of the defendant's motion, I am of the opinion that the information ordered by the Master to be furnished should be supplied by the defendant to the plaintiff. Without making an order in this respect, and denying the defendant's motion for instructions to the Master, I repeat, if the information called for in the Master's order is not supplied to the plaintiff within a reasonable time, that I will again entertain the motion considered first above.